# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No: 1:19-cr-00266-TWP-MJD-1 |
| ALLEN WILLIAMS, | ) ) ) | |
| Defendant. | ) | |

## ENTRY GRANTING MOTION FOR REVIEW OF RELEASE ORDER

This matter is before the Court on the Government's Motion for Review of Release Order. ([Filing No. 12](#).) The Government asks the Court to conduct a *de novo* review of the Magistrate Judge's Order permitting pretrial release of Defendant Allen Williams ("Williams") pursuant to 18 U.S.C. § 3145(a). The Court has reviewed the Complaint and Affidavit ([Filing No. 2](#)), Minute Order for Detention Hearing ([Filing No. 11](#)), transcript of the detention hearing held on August 5, 2019, the pretrial services report ("PS3") prepared by the United States Probation Office (Filing No. 14), and an amended PS3 report, the Government's Motion for Review of Release Order ([Filing No. 12](#)), and the Defendant's Response in Opposition to Government's Motion for Review of Release Order ([Filing No. 25](#)). The Court also considers testimony and argument submitted at the August 13, 2019 hearing. For the reasons stated below, the Court finds the Government has met its burden to show by clear and convincing evidence that there are no conditions or combination of conditions which would overcome the unacceptable risk that Williams' release poses a danger to the community. Accordingly, the Government's Motion for Review of Release Order is **granted.**

## I. BACKGROUND

A Complaint and Affidavit was filed on July 16, 2019. Williams was charged and indicted on August 7, 2019 for violating Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm, after having been previously convicted of an offense punishable by a term of imprisonment greater than one year. ([Filing No. 15](Filing No. 15).) The Government orally moved for pretrial detention pursuant to Title 18, United States Code, Section 3142(f)(1)(E) on the basis that Williams presented both a danger to the community and a risk of flight. On August 5, 2019, the Magistrate Judge conducted a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of the statute would reasonably assure the appearance of Williams as required and the safety of any other person and the community. At the conclusion of the hearing, the Magistrate Judge ordered that Williams was to be released subject to certain conditions, but the execution of the release order was stayed upon motion of the Government pending review of the order by this Court. A hearing on the Government's Motion to Review Detention Release Order was held on August 13, 2019.

## II. FINDINGS OF FACT

The Complaint alleges that Williams illegally possessed a firearm on June 14, 2019. The evidence is that Williams approached an officer in a marked police vehicle and informed the officer that he was a convicted felon out of Illinois and not allowed to have a firearm. Williams gave the officer a handgun and informed him that he needed to be taken into protective custody because the Muslims at the corner of East 38th and Fall Creek Parkway in Indianapolis, Indiana were trying to kill him. Williams said he wanted the police to kill the Muslims and if they did not, he would. Williams further informed officers that he had $10,000.00 in U.S. currency in his vehicle. He stated the money was proceeds from selling a "brick of cocaine." He informed law enforcement that he

procured the "brick" after robbing a drug dealer. Officers secured a search warrant and during a search of the Williams' person and car, found over $10,000.00 in U.S. currency, marijuana, scales, cannabis vape cartridges, a holster and a video surveillance system. Williams reported to law enforcement that he had parked in front of the Nation of Islam building and videotaped Muslims entering and exiting the Mosque. A camera was located during the search of his vehicle. He informed officers that he was going to get an AK-47 assault rifle for protection against Muslims. Shell casings were located in the driver's seat of his vehicle. Williams was originally arrested on state court charges and posted bond to secure his release. While on bond, he complied with all release conditions, including a mental health evaluation. On July 29, 2019, the state court charges were dismissed in lieu of federal charges.

Williams has ties to the community as he has lived in Indianapolis, Indiana since 2014 and reports living at his current address since 2014. He says he owns his home and lives alone. Prior to 2014, he lived in Illinois and he has five siblings, a girlfriend and five minor children by four different mothers, who all reside in Illinois. Williams reports self-employment at Hairweave LLC, and as a photographer. He provided a website for his hair weaving business at allensvirginhair.com, however, when visiting that site the message shows "currently unavailable." He owns no passport.

Williams has a history of arrests and criminal convictions for crimes of violence. He has at least seven separate arrests for offenses such as Aggravated Battery (3 times), Battery, Armed Violence or Assault dating from 2008-2018; all of which were dismissed. He has a pending case in Illinois for eight misdemeanor counts of Aggravated Assault and Battery in which he allegedly shot eight different citizens with paint ball pellets from his vehicle. He has felony convictions for Armed Robbery with a Firearm and Burglary (2009) and Felon in Possession of a Firearm (2016).

3

He has misdemeanor convictions for Assault (4/26/2012), Fighting (7/24/2012), Battery (6/5/2012), Resisting a Peace Officer (2013) and Possession of Cannabis (2014).

Williams has never violated the conditions of probation, has never failed to appear, and was no longer on probation or parole at the time of his arrest in this case. Williams was not given a drug test at the time of his arrest; however, he reports in the PS3 that he is a daily user of marijuana, occasional user of cocaine and weekly user of synthetics.

Williams reported a recent diagnosis of schizophrenia in July 2019 and he is prescribed Zoloft for this condition. Williams' counsel proffers that he was first diagnosed with a mental health disorder as a consequence of this case. In July 2019, he was diagnosed with bipolar disorder with psychotic features. Williams is agreeable to both mental health and substance abuse counseling and treatment, if released. The Federal Defenders office can provide assistance in this regard.

A home inspection by the probation officer, accompanied by Williams' sister, found the home where he would be residing alone to be suitable. However, the sister believes Williams would be more suitable for inpatient mental health treatment due to his mental health issues.

The PS3 places Williams in risk category III, indicating a moderately high risk of flight and danger to the community. The probation officer recommends detention because no conditions or combination of conditions would "reasonably assure the appearance of the defendant as required and safety to the community." (Filing No. 14 at 7.)

### III. CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to risk of flight, the Government bears the burden of proof by a preponderance of the evidence.

4

*United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Ports*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F. Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must consider the following factors under 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>
> (2) the weight of the evidence against the accused;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards

set forth above. Among the factors presented for the Court's consideration are Williams' character, his family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, and record concerning court appearances. *See* 18 U.S.C. § 3142(g)(3)(A). However, the presence of community ties and related ties have been found to have no correlation with the issue of safety of the community. *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985). The Court also considers that at the time of the offense, Williams was not on probation, parole or otherwise completing a sentence.

The Court first considers the nature and circumstances of the offense charged. 28 U.S.C. § 3142(g)(1). Williams admitted to law enforcement officers that he was a convicted felon in possession of a firearm. The weight of the evidence against Williams is strong and favors detention. 18 U.S.C. § 3142 (g)(2).

There are factors weighing in Williams' favor. He is a resident of the Indianapolis community for the last five years. Although he has no family in Indiana, he has family ties consisting of siblings, a girlfriend and children, all residing in Illinois. There is no record that he has violated the conditions of his probation in the past, he has never failed to appear in court, and he has successfully completed serving his prior sentences. Based on these findings, the Court concludes that Williams is not is a serious risk of flight.

There are factors which demonstrate that Williams is an unacceptable danger to the community. Regarding his financial resources he alleges employment at Hair Weaving LLC and as a self-employed photographer, but this employment could not be verified. During his post-arrest interview, Williams stated that the $10,000.00 in U.S. currency in his vehicle was proceeds from selling a "brick of cocaine" and he procured the "brick" after robbing a drug dealer. He informed officers that he sold marijuana. The search of his home revealed tools associated with

drug dealing, including digital scales, ziplock baggies, and over 200 grams of marijuana. Williams also informed officers that he planned on getting more guns, including but not limited to an AK-47 assault rifle. He has a history of arrests and convictions for possession of firearms, assaults and battery. Williams also has a history of substance abuse and a recent mental health diagnosis. While his family is supportive, Williams lives alone in Indiana and his sisters and girlfriend reside in Illinois. His sister believes Williams would be more suitable for inpatient mental health treatment (as opposed to returning to a home where he resides alone) due to his mental health issues.

Finally, the Court considers whether any condition or combination of conditions exist which would overcome the unacceptable risk and seriousness of the danger to any person or the community that would be posed by Williams's release. The language referring to the safety of the community refers not only to the danger that Williams might present to a particular identifiable individual (or group of individuals), but also the engagement in criminal activity to the detriment of the community. *See United States v. Dominguez,* 629 F. Supp. 701 (N.D. Ind. 1986). In exercising discretion on the issue of release or detention, the judge must bear in mind that a finding that no reasonable conditions of release will keep a defendant from endangering the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). The Court is cognizant that the United States Supreme Court has held that Congress did not intend pretrial detention to be punitive. *See United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697, (1987). This decision is not. The Court has considered all reasonable, less-restrictive alternatives to detention, but under the circumstances surrounding Williams, finds that none exists. *See* 18 U.S.C. § 3142(e); *United States v. Infelise,* 934 F.2d 103, 105 (7th Cir.1991).

Williams is only 28 years old, and since he was 17 years old he has consistently engaged in acts of violence, including by use of a firearm. His recent mental health diagnosis (including that he presently has little insight regarding his diagnosis) is of great concern to the Court. The nature of the offense, strong weight of evidence against him, his history, characteristics, past and present conduct, lack of verifiable employment and his questionable financial resources (Williams admitted to officers that he sells marijuana and evidence of his drug business was located) all favor detention. Based on Williams' substance abuse history, pattern of committing misdemeanor battery and assaults, and credible threats to commit a hate crime against a minority religious group of individuals—Muslims, the Court finds by clear and convincing evidence that no conditions or combination of conditions exist which would overcome the unacceptable risk that Williams' release poses a danger to other individuals and to the community.

### IV.  **ORDER**

After considering the factors set forth under 18 U.S.C. § 3142(g), the District Court's *de novo* determination is that the Government has met its burden of proof and the Government's Motion for Review of Release Order ([Filing No. 12](#)) is **GRANTED**. Williams is remanded to the custody of the United States Marshal pending trial or other disposition of this matter.

**SO ORDERED.**

Date:  8/14/2019

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Monica Foster
INDIANA FEDERAL COMMUNITY DEFENDERS
monica.foster@fd.org

Lawrence Hilton
UNITED STATES ATTORNEY'S OFFICE
Lawrence.hilton@usdoj.gov